JOSEPH OKIN, APPELLEE, v. CHARLES SELIDOR, APPELLANT.

Argued February 17, 1909—Decided June 23, 1909.

1. A contract by which one who had laid a cement sidewalk took in part payment the sand excavated in the course of the work, is not a contract in or concerning an interest in land within subdivision 4 of section 5 of the statute of frauds.

2. Although a contract in term covers a period of five years, yet, if under its terms performance may be required of the promisor within one year, an action is not barred by the statute of frauds if within such year the event upon which the duty of performance depended actually happened.

3. A contractor who agreed that a sidewalk laid by him should stay in good condition for five years is liable to an action based upon a breach of such contract occurring within one year from the date; such agreement not being one "that is not to be performed within one year from the making thereof." *Subdivision 5 of section 5 of the Statute of Frauds.*

On appeal.

Before Justices GARRISON, BERGEN and VOORHEES.

For the appellant, *Franklin W. Fort.*

For the appellee, *Michael J. Tansey.*

The opinion of the court was delivered by

GARRISON, J.   Action was brought by the appellee in the District Court to recover the sum expended in repairing a cement sidewalk that had been badly laid by the appellant, who had agreed that the sidewalk should remain in good condition for five years. The making of this oral agreement was established to the satisfaction of the trial court. It was also proved without contradiction that within one year after the making of this agreement it was broken by the upheaval of the sidewalk and that the amount paid by the appellee in the repair of the sidewalk was $165, for which amount judgment was rendered. To reverse this judgment two sections of the statute of frauds are relied upon—*first,* that the agreement was one concerning an interest in land, and *second,* that it was not to be performed within one year from the making thereof.

The *first* ground is untirely untenable. It requires no argument to show that under an agreement to lay a sidewalk the contractor takes no interest in the land and the circumstance relied upon in the present case, viz., that the contractor accepted a lower price upon condition that he might have the sand excavated in the course of the work, does not bring the agreement within the statute. This was a mere mode of payment, and the sand when excavated and applied to such payment was personal property and not land or any interest therein.

The *second* ground cannot avail the appellant for the reason that although his agreement covers five years it was not one that was *not to be performed* within one year and within

such period its performance was required. The section of the statute of frauds is cast in this negative form, hence it applies wherever by no contingency covered by the contract the promisor can within one year from the making of his agreement be required to perform it. That was not the case here. The agreement was not that after the first year the sidewalk should be in good condition for four more years, but that it should be in such condition during the first year as well. As to a breach occurring during the first year, this agreement was therefore not one that was not to be performed within one year. The fact that an action for breaches occurring after the first year would be barred by the statute does not enter into the present case in which the cause of action arose within the year. The state of the case shows that the appellee, who was a builder, sold the property after the sidewalk had been laid, warranting the condition of the property for one year. The purchaser, one Butman, immediately notified the appellee that the sidewalk was broken up and was authorized to employ and pay one Jackson to repair it. Butman did this, paying Jackson for his work $165, which he was reimbursed by the appellee, who then brought this suit. Jackson testified at the trial without contradiction that he repaired the sidewalk about eight months after its installation. The appellee's action is not therefore barred by the statute. This result is in accord with the consensus of decisions under this section of the statute, which are collected in Cyc. under the title "Statute of Frauds," and in 29 Am. & Eng. Encycl. L. 942, under the somewhat less obvious title of "Verbal Agreements."

The judgment of the Second District Court of the city of Newark is affirmed.